J-S67022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PHYRAK VANN | |
| Appellant | No. 2676 EDA 2015 |

Appeal from the PCRA Order August 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0403001-2006
CP-51-CR-1207771-2005

BEFORE:  FORD ELLIOT, P.J.E., RANSOM, J., and STEVENS, P.J.E*

MEMORANDUM BY RANSOM, J.:                    **FILED OCTOBER 27, 2016**

Phyrak Vann (Appellant) appeals from the August 7, 2015 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In October 2005, Appellant and a number of individuals confronted Anthony Garman, Jr. at his home.  Appellant shot Mr. Garman, Jr. three times and shot his father, Anthony Garman, Sr., once.  Appellant was tried with co-defendant Khalil Phinizee.[1]  In May 2007, a jury convicted Appellant

_____

[1] Appellant and Mr. Phinizee were initially tried in December 2006; however, that trial resulted in a hung jury.  Appellant's second trial resulted in his conviction.  PCRA Court Opinion, February 16, 2016, at 1.

*Former Justice specially assigned to the Superior Court.

of two counts of aggravated assault, two counts of attempted murder, and one count each of criminal conspiracy and carrying a firearm without a license.[2] In June 2007, Appellant was sentenced to an aggregate term of fifteen to thirty years' imprisonment. This Court affirmed the judgement of sentence on December 29, 2008. *Commonwealth v. Vann*, 965 A.2d 304 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 974 A.2d 1162 (Pa. 2009).

Appellant *pro se* filed a PCRA petition on June 15, 2010. Thereafter, counsel was appointed and filed an amended petition on Appellant's behalf, asserting ineffective assistance of trial counsel on several grounds. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as meritless in March 2013. Appellant timely filed a response thereto, as well as another amended petition for collateral relief. *See* Second Amended Petition, 9/15/2014. In August 2015, the PCRA court dismissed Appellant's petition without an evidentiary hearing. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

Appellant presents the following questions for our review:

> 1. Did the [PCRA court] err in failing to hold an evidentiary hearing to determine whether the trial counsel's failure to properly examine

---

[2] Respectively, *see* 18 Pa.C.S. §§ 901(a), 2702(a), 903(a), and 6106(a)(1).

the physical evidence and present a theory of defense that conflicted with it was ineffective assistance of counsel;

2.    Did the [PCRA court] err in failing to hold an evidentiary hearing to determine whether trial counsel's failure to object to instances of prosecutorial misconduct was ineffective assistance of counsel?

Appellant's Brief at 10.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed the Appellant's petition without a hearing. There is no absolute right to an evidentiary hearing. **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Id**.

We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586,594 (Pa. 2007). To overcome the presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3)

actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id***. A claim will be denied if the petitioner fails to meet any one of these requirements. ***Springer***, 961 A.2d at 1267 (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant first contends that trial counsel was ineffective for pursuing a defense strategy that did not comport with the physical evidence adduced at trial. According to Appellant, counsel's decision was egregious because a defense of others justification was a more viable defense theory.[3] Appellant's Brief at 14.

Appellant's claim is without merit. At Appellant's first trial, he unequivocally denied shooting anyone and denied having a gun. Notes of Testimony (N.T.), 12/15/06, at 56-57. This testimony was admissible at Appellant's second trial. ***See, e.g., Commonwealth v. Boyle***, 447 A.2d 250, 256 (Pa. 1982) ("It has long been recognized that testimony from an

_____

[3] Appellant suggests he shot the victims in defense of Mr. Phinizee. ***See*** 18 Pa.C.S. § 506.

earlier trial may be introduced in the prosecution's case against a defendant regardless of whether that defendant takes the stand or not in the second proceeding.") (internal citations omitted). At his second trial, Appellant testified for a second time that he never had his hands on a gun on the day of the incident. N.T., 5/2/07 Vol. II, at 163-164. The PCRA court observed that, "a defense of others defense in the retrial would have faced the insurmountable problem that defendant would have to completely diverge from his previous sworn testimony and give a diametrically different version of the events." PCRA Court Opinion at 6. We agree. Appellant could not reconcile shooting the victims in defense of another while, at the same time, denying he shot anyone. Accordingly, Appellant is entitled to no relief on this ground.

Now we turn to the defense theory actually proffered by trial counsel. Appellant claims baldly that trial counsel "failed to investigate physical evidence" because fired cartridge casings were found where an eyewitness placed Appellant. Appellant's Brief at 16. To contradict the Commonwealth's evidence, trial counsel presented three witnesses who testified that Appellant was not the shooter. N.T., 5/2/07 Vol. II, at 78-79, 134-35, 163-64. Coupled with four character witnesses trial counsel presented to testify to Appellant's reputation for being a peaceful and law-abiding person, the record supports the PCRA court's observations as to the

reasonableness of trial counsel's defense. PCRA Court Opinion at 6-7. Accordingly, we discern no error.[4]

In his second issue, Appellant asserts that trial counsel was ineffective in failing to object to numerous instances of prosecutorial misconduct. Appellant's Brief at 22. Appellant avers the prosecutor (1) engaged in speculative argument, (2) improperly attacked witness credibility, (3) expressed sympathy for the victims, and further asserts (4) these actions resulted in cumulative prejudice against him. Appellant's Brief at 22-24, 23-24, 25, respectively. Appellant's assertions are without merit.

Before elaborating on the specifics of Appellant's claim, we recognize the following:

> A "prosecutor has reasonable latitude during his closing argument to advocate his case, respond to arguments of opposing counsel, and fairly present the Commonwealth's version of the evidence to the jury." *Commonwealth v. Cox*, 983 A.2d 666, 685 (Pa. 2009) (quoting *Commonwealth v. Tedford*, 960 A.2d 1, 29 (Pa. 2008)). "[N]ot every intemperate or improper remark mandates the granting of a new trial;" *id*., "[r]eversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such

---

[4] Where the record on appeal clearly establishes the reasonable basis prong the issue may be decided without an evidentiary hearing to determine trial counsel's actual strategies. *Commonwealth v. Williams*, 899 A.2d 1060, 1065 (Pa.2006) (citing *Commonwealth v. McGill*, 832 A.2d 1014 (Pa.2003)). We have reviewed the record. There was no need for a hearing, as counsel's actions were clearly reasonable. *Id*.

that the jurors could not weigh the evidence and render a true verdict." ***Id***. "The touchstone is fairness of the trial, not the culpability of the prosecutor." ***Id***.

Appellant characterized the comments of the prosecutor as pure speculation. We disagree. The Commonwealth argued that Mr. Phinizee had been badly beaten and embarrassed in a fight with Mr. Garman, Jr., obtained a weapon, then returned to the scene to lure Mr. Garman, Jr. into a fight so as to shoot him. N.T., 5/3/07, at 211-17. As noted by the PCRA court, this was a fair inference based on evidence espoused at trial. It was established that Mr. Garmon, Jr., and Mr. Phinizee entered into two fistfights prior to Mr. Phinizee returning to Mr. Garmon's street with a firearm. N.T., 5/1/07, at 19-23; N.T., 5/2/07 Vol. I, at 56-58. Indeed, statements attributed to Mr. Phinizee alluded to his willingness to use a firearm on Mr. Garmon, Jr. N.T., 5/2/07, at 58.

Appellant next takes issue with portions of the prosecutor's closing that characterized the testimony of the co-defendant as a lie. N.T., 5/3/07, at 206. Appellant avers the statements constitute the personal opinion of the prosecutor; however, the record evinces these statements were argument regarding contradictions in the evidence. ***Id***. at 205-08, 210-11. This argument, calling into question the credibility of the defense, was proper. ***Commonwealth v. Charleston***, 94 A.3d 1012, 1023-4 (Pa. Super. 2014) (prosecutor's closing arguments, challenging defense credibility based on the inconsistencies of defendant's testimony, was proper). Appellant further asserts that trial counsel's failure to join co-counsel's objection to

this segment of the prosecutor's argument rendered trial counsel ineffective, as the issue was deemed previously waived by this Court. **See Vann**, 965 A.2d 304, at *10-11. However, counsel will not be considered ineffective for failing to pursue meritless claims. **Commonwealth v. Pursell**, 724 A.2d 293, 304 (Pa. Super. 1999).

Appellant also avers that counsel should have objected when the prosecutor argued that Mr. Phinizee's theft conviction showed "he had a bad reputation for telling the truth." N.T., 5/3/07, at 210. This was an inaccurate statement of the law. **See** Pa.R.E. 405(a) ("When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation."). However, as Mr. Phinizee's theft conviction was admissible to attack his credibility, the prosecutor's mischaracterization of the conviction as reputation evidence could not have prejudiced Appellant. **See** Pa.R.E. 609(a) ("For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, must be admitted if it involved dishonesty or false statement.").[5]

Appellant asserts that the prosecutor improperly attempted to evoke sympathy for the victims' family by stating the following:

---

[5] We also note that the trial court, not counsel, is responsible for charging the jury with applicable rules of law. **See Commonwealth v. Scott**, 73 A.3d 599, 602 (Pa. Super. 2013).

"It's hard for the Garmon family -- for any individual to get up on that stand and tell you what actually happened, a day that they will never forget. How do you think it would feel if something like that happened to you and you want somebody to believe you and people are accusing you, trying to cross - examine you and tell you what you didn't see … And I want you to have that same courage that the Garmon family had in testifying before you, telling you what happened to them, have that same courage to hold both of these defendant's accountable."

N.T., 5/3/07, at 222, 230-31.

While it is improper for a prosecutor to invoke sympathy with a jury by asking the jurors to stand in the shoes of the victims, where the remarks were of limited duration and were not part of a focused attempt to appeal to the passions of the jury, they will not entitle the defendant to relief. *See Commonwealth v. Clark*, 421 A.2d 374, 378-79 (Pa. Super. 1980), *aff'd mem*., 461 A.2d 794 (Pa. 1983).

Finally, Appellant asserts that the cumulative effect of the prosecutor's remarks, unfettered by trial counsel's lack of objection in each instance, may warrant relief. *See Commonwealth v. Perry*, 644 A.2d 705, 709 (Pa. 1994) (concluding that multiple instances of ineffectiveness, "in combination," prejudiced defendant). However, the record establishes that each of the alleged instances of prosecutorial misconduct were meritless. Accordingly, Appellant was not entitled to relief in the cumulative.

Based on our view of these claims, there was no need for an evidentiary hearing in this case. Appellant asserts legal challenges based on

the established record.  There is no dispute of material fact. As such, the PCRA court did not err in declining to hold an evidentiary hearing.

For the above reasons, we discern no error in the PCRA court's decision to dismiss Appellant's petition without a hearing.  Appellant's claims are without merit.  He is entitled to no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/27/2016</u>